IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD D. PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-03-402-C |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Following an award of past-due disability benefits, Plaintiff's attorney, Timothy M. White, seeks an award of attorney's fees in the amount of $8,238.75, under the auspices of 42 U.S.C. § 406(b)(1)(A). In pertinent part that statute states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

On February 4, 2004, the Court entered an Order and Judgment finding Defendant's denial of benefits was not supported by substantial evidence and remanded the case for further proceedings. In is undisputed that following that remand, Defendant issued a Notice of

Award on September 4, 2005.[*]  In that notice, Plaintiff was informed he would receive past-due benefits of $63,523.00.  Thus, it is clear that Plaintiff has received a favorable judgment and made application for an award in a reasonable time.  See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006) (holding § 406(b)(1) allows a district court to award attorney's fees when the court remands for further proceedings and there is a subsequent award of benefits by the Commissioner); id. at 505 (noting request for fees must be made within a reasonable time of the Commissioner's decision).  Thus, the question remaining is whether the fee request is reasonable.

Fee requests are capped by § 406(b) at no more than 25% of the amount of the past-due award.  Here, Plaintiff's attorney seeks $8,238.75 which represents 25% of the past-due award – an amount within the statutory ceiling.  Plaintiff's attorney also notes that the request is premised solely on work performed in federal court.  While a computation of the amount sought divided by the hours expended reveals an hourly rate much higher than the Court would expect, the Supreme Court has indicated that the lodestar method is not the proper manner for evaluating the reasonableness of a § 406(b) fee.  See Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002).  Rather, the Court is to evaluate the reasonableness of the fee in light of the results obtained.  Id. at 807.

---

[*] Counsel's request for an attorney fee award from this Court was delayed while he obtained Authorization to Charge and Receive a Fee at the administrative level.  The present motion was timely filed following receipt of that authorization.

Here, Plaintiff's counsel has provided sufficient service to merit an award of $8,238.75. As noted, Plaintiff's counsel obtained a remand and, ultimately, a favorable result for the client which included a sizable award of past-due benefits, as well as an award of continuing monthly benefits. Considering the ultimate benefit to the client, an award of $8,238.75 is reasonable. Bolstering this conclusion is consideration of the net amount the client will actually pay. Plaintiff's counsel has previously received an attorney's fee award under the Equal Access to Justice Act in the amount of $4,482.20. As required by law, Plaintiff's counsel must refund this amount to the client as it is less than the § 406(b) award. See Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

As set forth more fully herein, Plaintiff's counsel has demonstrated the existence of an award of past-due benefits thereby triggering entitlement to an award of fees as provided by 42 U.S.C. § 406(b). Counsel has also demonstrated the fee request was reasonable and timely made. Accordingly, the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 28) is GRANTED. Defendant shall certify payment of $8,238.75 to Timothy M. White.

IT IS SO ORDERED this 7th day of December, 2007.

ROBIN J. CAUTHRON
United States District Judge